IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. PAGE, | No. C 13-5352 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| AUDREY KING, Acting Executive Director California Department of Mental Health, | (Docket Nos. 2, 3, 6) |
| Respondent. | |

## INTRODUCTION

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241 challenging his civil commitment to a California mental health institution pursuant to California's Sexually Violent Predators Act. *See* Cal. Welf. & Inst. Code 6600, et seq. ("SVPA"). For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted. Petitioner is granted leave to proceed in forma pauperis, and his other motions are **DENIED**.

## STATEMENT

Petitioner has a history of convictions for sexual offenses dating back to the 1970s. In 2004, after he completed his sentence on his most recent conviction, he was civilly committed to a state mental health facility for a period of two years based upon the finding by a jury in Alameda County Superior Court that he is a sexually violent predator under the SVPA.

1  Petitioner challenged his commitment unsuccessfully in state court appeals and in a federal
2  habeas corpus petition. *See Page v. Mayberg*, No. C 05-4141 VRW (PR) (N.D. Cal., April 5,
3  2007).

4  In 2006, re-commitment proceedings were initiated and the Alameda County Superior
5  Court determined that there was probable cause to believe that petitioner was still likely to
6  engage in predatory criminal behavior. Petitioner states in his petition that he is awaiting trial
7  as to whether he should be recommitted. The reasons for this delay are not clear.

## ANALYSIS

Petitioner presents the following claims for federal habeas relief: (1) that his commitment violates his right to due process because his mental health evaluation in 2004, upon which his initial commitment and pending re-commitment are based, is invalid; (2) his commitment does not comply with the SVPA because his mental health evaluations were not performed according to the proper protocol; (3) special circumstances warrant federal intervention; and (4) the petition should not be dismissed on the grounds of abstention or res judicata.

Petitioner's second claim is not cognizable because it asserts a violation of state law. Federal habeas relief is only available on the basis of a violation of federal law, not of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011); *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). Petitioner's third and fourth claims do not state independent grounds for federal habeas relief, but rather are arguments for why the petition should be considered. If respondent argues that the federal court should not intervene in his state court proceedings on abstention, res judicata or other grounds, then these arguments will be considered. When liberally construed, petitioner's first claim warrants a response from respondent.

## CONCLUSION

For the foregoing reasons,

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety-one days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state court records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

3. Respondent may file, within ninety-one days of the date this order is filed, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. The motion for appointment of counsel (dkt. 3) is **DENIED** for lack of extraordinary circumstances or the need for an evidentiary hearing at this time. The application to proceed in forma pauperis (dkt. 2) is **GRANTED**. The motion to reassign this case to a Magistrate Judge is **DENIED** (dkt. 6).

**IT IS SO ORDERED.**

Dated: April   7  , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3