IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L. PAGE, | No. C 13-5352 WHA (PR) |
|     Petitioner, | **ORDER DIRECTING RESPONDENT TO FILE SUPPLEMENTAL BRIEF AND SUBMIT EVIDENCE** |
|     v. | |
| AUDREY KING, Executive Director California Department of Mental Health, | (Docket Nos. 16, 20, 22) |
|     Respondent. | |

       On November 19, 2013, petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his civil commitment to a California mental health institution pursuant to California's Sexually Violent Predators Act. *See* Cal. Welf. & Inst. Code § 6600, et seq. ("SVPA"). The petition set forth four claims, three of which were dismissed. A later-filed habeas petition set forth an additional claim challenging the same commitment, and it was consolidated into this matter. *See Page v. King*, No. C 14-2052 WHA (PR). Respondent has filed a motion to dismiss, petitioner filed an opposition, and respondent filed a reply brief. Petitioner then filed a motion for leave to file a supplemental opposition, which is **GRANTED**.

       In his motion to dismiss, respondent argues that any challenge to the re-commitment proceedings should be dismissed on abstention grounds because petitioner is awaiting trial on the 2006 re-commitment petition. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. 401 U.S. at 53-54. Exceptions to this rule exist where there is a showing of the state's bad faith or harassment, or a showing that the

statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 46, 53-54.  Because of the lengthy pre-trial delay since the 2006 re-commitment petition, upon which petitioner still has not been tried nine years later, such proceedings may no longer be considered "ongoing" under *Younger*, or that exceptions to *Younger* for bad faith or harassment could apply.  The parties have not here explained the delay or indicated when or if a trial on the re-commitment petition will take place.  Without such information, the issue of abstention cannot be decided.

Within **28 days** of the date this order is filed, respondent shall submit a supplemental brief in support of his motion to dismiss explaining when and if the trial on the 2006 petition to re-commit petitioner under the SVPA will take place, and explaining in detail the reasons for the approximately nine-year delay in the civil commitment proceedings since the 2006 re-commitment petition was filed.  Respondent shall submit with the supplemental brief declarations under oath from the prosecuting and defense attorneys explaining, for each and every continuance in petitioner's SVPA proceedings since the filing of the re-commitment petition in 2006, who asked for the continuance and their reasons the continuance was sought, and any other reasons provided by the state court that may or may not appear on the state court record for granting the continuance.  Respondent shall also submit with the motion all state court records relevant to the delay, but the state court records will not suffice on their own; the declarations described above must also be submitted.  Copies of the declarations must also be served upon petitioner.

Petitioner may file a supplemental opposition within **28 days** of the date respondent's supplemental motion is filed.

This clerk shall administratively close docket numbers 16, 20, 22.

**IT IS SO ORDERED.**

Dated: June __19__, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2